IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,

       Plaintiff,               No. CIV S-05-1061 GEB JFM P

    vs.

KNOWLES, et al.,                 ORDER AND

       Defendants.          FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  He alleges that defendants prohibited inmates in the psychiatric services unit of California State Prison, Sacramento (CSP-Sac) from accessing the prison law library.  (May 18, 2006 Amended Complaint.)  Defendants have filed a motion to dismiss, alleging that plaintiff failed to exhaust administrative remedies before bringing suit.  Plaintiff has filed an opposition.[1]

       "Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[1] Plaintiff has subsequently filed two additional documents relating to the motion to dismiss.  (See Docket Nos. 37 & 38.)  However, the local rules contemplate the filing of three documents in connection with a motion:  the motion, an opposition and a reply to the opposition.  Local Rule 78-230(m).  Thus, plaintiff's subsequent filings will be disregarded.

1    This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."

2    McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S.

3    516, 524 (2002).  The grievance process must be completed before the inmate files suit;

4    exhaustion during the pendency of the litigation will not save an action from dismissal.

5    McKinney, 311 F.3d at 1199.  Because proper exhaustion is necessary, a prisoner cannot satisfy

6    the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective

7    administrative grievance or appeal.  Woodford v. Ngo, __ U.S. __, 126 S. Ct. 2378, 2382 (2006).

8            California prison regulations provide administrative procedures in the form of one

9    informal and three formal levels of review to address an inmate's claims.  See Cal. Code Regs.

10   tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has

11   received a "Director's Level Decision," or third level review, with respect to his issues or claims.

12   Cal. Code Regs. tit. 15, § 3084.5.

13           To satisfy the exhaustion requirement, a grievance must alert prison officials to

14   the claims plaintiff has included in the complaint.  Porter v. Nussle, 534 U.S. 516, 524-25 (2002)

15   (purpose of exhaustion requirement is to give officials "time and opportunity to address

16   complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d

17   1205, 1209 (11th Cir. 2000) (1997e(a) requires that a prisoner provide as much relevant

18   information as he reasonably can in the administrative grievance process).

19           A motion to dismiss for failure to exhaust administrative remedies prior to filing

20   suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d

21   1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003).  In

22   deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look

23   beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.

24   Defendants bear the burden of proving plaintiff's failure to exhaust.  Id. at 1119.

25           In support of their motion, defendants have submitted declarations from R. Carter,

26   the current Appeals Coordinator at CSP-Sac, and N. Grannis, Chief of the Inmate Appeals

2

1  Branch of the California Department of Corrections and Rehabilitation.  (Motion, Exs. D & B;

2  hereafter Carter Decl. & Grannis Decl.)

3           Carter explains that the Appeals Coordinator maintains records of logged

4  grievances as well as grievances that have been screened out for procedural reasons.  (Carter

5  Decl.)  Any grievance that has been screened out is returned to the inmate without further

6  processing; the Appeals Coordinator does not retain a copy.  Id..  Carter's search of the records

7  reveals that between July 13, 2004 and December 2004, plaintiff's file does not have any record

8  or copies of Inmate Appeal Form 602 submitted regarding plaintiff's claim that correctional staff

9  at Salinas Valley State Prison prevented him from accessing the prison law library.  (Carter Decl.

10  at 3.)  In addition, plaintiff's file does not have any record or copies of Inmate Appeal Form 602s

11  submitted between December 17, 2004 and May 2006 regarding his ability to access the law

12  library at CSP-Sacramento.  (Carter Decl. at 3.)

13           Grannis avers that a search of the records of the Inmate Appeals Branch revealed

14  that petitioner's request for Director's Level Review for CDCR Form 602, #SAC-H-06-1059 was

15  received by the Inmate Appeals Branch on July 25, 2006.  (Grannis Decl. At 3.)  The final

16  Director's decision was issued on August 22, 2006.  (Id.)  The attached copy of the Director's

17  Level Appeal Decision reflects the grievance concerned plaintiff's claim that he was routinely

18  excluded from the law library at CSP-Sacramento based on discrimination against plaintiff due to

19  his psychiatric disability.  (Motion, Ex. C.)

20           In his opposition, plaintiff states that the June 5, 2006 grievance pertains to his

21  claim concerning deprivation of law library access based on the ADA and does not pertain to the

22  allegations of the instant suit.  (Opp'n at 2.)  Plaintiff states the instant action is based on a

23  different legal theory and flows from his first grievance regarding denied law library access on

24  January 3, 2005.  (Opp'n at 3.)

25           The documentary evidence provided by the parties reflects the following:

26  /////

3

On January 3, 2005, plaintiff signed a 602 grievance form complaining that he was denied law library access on July 13, 2004.  (Amended Complaint, Appendix A, at 17.) This grievance claimed the denial of access was based on "an unwritten rule depriving me and an entire class of inmates in PSU [Psychiatric Services Unit]."  (Id.)

On January 4, 2005, a CDC 695 form was signed and stated "your problem occurred 7/13/04.  This is past the 15 day limit."  (Amended Complaint, Appendix A, at 16.) Plaintiff's January 3, 2005 grievance was returned to plaintiff along with the CDC-695 form dated January 4, 2005, because it was untimely submitted.  (Amended Complaint, Appendix A, at 16.)

On March 1, 2005, a CDC 695 form was signed indicating that plaintiff's claim regarding denial of access to the law library at Salinas Valley State Prison on July 13, 2004 was denied as untimely.  (Amended Complaint, Appendix A, at 15.)

On May 8, 2005, plaintiff signed a 602 grievance stating "In July 2004, I sent an appeal to the appeals coordinator J. O'Brian, CCII, about the denial of access to law library which same coordinator rejected as untimely. . .602 is untimely because I'd forgot to write a 602 on the appeals coordinator for refusing to process appeal."  (Amended Complaint, Appendix A, at 21.)

On May 11, 2005, a CDC 695 form was signed and stated plaintiff's grievance was being returned and noted "your problem occurred 7-2004.  You signed appeal 5-8-05.  10 months later."  (Amended Complaint, Appendix A, at 20.)  "The appeal exceeds the 15 working day time limit."  (Id.)

On June 5, 2006, plaintiff filed a 602 grievance stating that "the prison is attempting to circumvent its constitutional obligations in permitting PSU inmates access to law library."  (Motion, Ex. C.)  A Director's Level Appeal Decision issued on August 22, 2006, partially granting plaintiff's appeal.  (Motion, Ex. C.)

/////

4

1    As noted above, defendants provided a copy of plaintiff's Director's Level Appeal

2  Decision concerning plaintiff's claim that he was routinely excluded from the law library at CSP-

3  Sacramento, which was issued August 22, 2006.  (Motion, Ex. C.)

4    Defendants have provided evidence that plaintiff was incarcerated at Salinas

5  Valley State Prison until December 16, 2004, at which time he was transferred to CSP-

6  Sacramento.  (Motion, Ex. E.)

7    First, plaintiff claims that because defendants ignored or screened out his

8  grievances, the grievance procedure was rendered unavailable to him.  (Opp'n at 3.)  Plaintiff

9  contends "[i]t would be futile for plaintiff to attempt to further avail himself of the internal

10  CDCR grievance process."  (Id.)  Plaintiff's argument is based on the Ninth Circuit's decision in

11  Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005), which held that an administrative remedy

12  is not available within the meaning of the PLRA if the grievance has been rejected as untimely,

13  because prison officials have the discretion to accept late claims.  However, the Supreme Court

14  has reversed Ngo and in Woodford v. Ngo, 126 S.Ct. at 2387, held that exhaustion of

15  administrative remedies requires "proper exhaustion" through strict compliance with the time

16  limits set forth in the procedural rules governing grievances.

17    The Supreme Court has ruled that exhaustion of prison administrative procedures

18  is mandated regardless of the relief offered through such procedures.  Booth v. Churner, 532 U.S.

19  731, 741 (2001).  The Court has cautioned against reading futility or other exceptions into the

20  statutory exhaustion requirement.  Id. at 741 n.6.  Because proper exhaustion is necessary, a

21  prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise

22  procedurally defective administrative grievance or appeal.  Woodford v. Ngo, ___ U.S. ___, 126

23  S.Ct. 2378, 2382 (2006).  Prisoners must exhaust administrative remedies before submitting any

24  papers to the federal courts.  Vaden v. Summerhill, 449 F.3d 1047, 1048, 1051 (9th Cir.2006);

25  McKinney v.. Carey, 311 F.3d 1198, 1200-01 (9th Cir.2002).

26  /////

1    Accordingly, plaintiff's January 3, 2005 grievance, screened out as untimely, does

2    not serve to exhaust administrative remedies.  Woodford v. Ngo, 126 S.Ct. at 2382.  Plaintiff's

3    June 5, 2006 grievance, filed during the pendency of this action, also does not satisfy the

4    exhaustion requirement that plaintiff exhaust his remedies prior to filing in federal court.

5    McKinney, 311 F.3d at 1199.  Plaintiff exhausted his appeal on August 22, 2006, but the instant

6    action was filed on May 26, 2005, even before plaintiff filed the June 5, 2006 grievance.

7    Second, plaintiff contends that because plaintiff was not required to cite a date of

8    incidence in his grievance, it was irrelevant whether it was timely.  Plaintiff appears to argue that

9    because the level of detail required to exhaust his claim did not specifically require him to cite a

10    date, the fact he included language about denial of law library access should have been sufficient

11    to comply with the prison's grievance requirements.  (Opp'n at 4, citing Jones v. Bock, __

12    U.S.__, __, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or

13    demonstrate exhaustion in their complaints.").)  Plaintiff's argument is inapposite.

14    In the January 3, 2005 grievance, plaintiff included a date he was denied law

15    library access:  July 13, 2004.  Although plaintiff may not have been required to include a date,

16    the evidence reflects that he did include a date.  Therefore, defendants could consider his

17    grievance untimely.  It appears plaintiff contends that the January 3, 2005 grievance put prison

18    officials on notice that plaintiff had been deprived of law library access at CSP-Sacramento.

19    However, because plaintiff stated he had been deprived of law library access specifically on July

20    13, 2004 and he was housed at Salinas Valley State Prison on that date, it would not be

21    reasonable for prison officials to infer that plaintiff was grieving a denial of law library access at

22    CSP-Sacramento.

23    Although plaintiff was housed at CSP-Sacramento on the date the grievance form

24    was signed, January 3, 2005, it is undisputed that plaintiff was housed at Salinas Valley State

25    Prison on July 13, 2004. (Motion, Ex. E.)  In the instant complaint, plaintiff contends he was

26    denied law library access at CSP-Sacramento.  (May 18, 2005 Amended Complaint at 3.)  None

1  of the named defendants work at Salinas Valley State Prison and thus were not involved in the

2  deprivation alleged to have occurred on July 13, 2004.  Accordingly, the January 3, 2005 could

3  not exhaust plaintiff's claims raised in the instant action, whether or not that grievance proceeded

4  on a due process or ADA theory.[2]  The failure of defendants to reference the January 3, 2005

5  grievance in R. Carter's declaration does not make a difference here because the grievance

6  pertained to a deprivation at Salinas Valley State Prison, not CSP-Sacramento.[3]

7          Although plaintiff contends Jones supports a finding that plaintiff has exhausted

8  his state remedies, plaintiff is mistaken.  In Jones, the court was faced with a mixed complaint;

9  that is, the complaint contained claims that had been exhausted prior to bringing the action as

10  well as claims that had not been exhausted through the administrative process.  Jones, 127 S.Ct.

11  at 910.  Here, plaintiff has failed to exhaust any of his claims prior to bringing the instant action.

12  The Jones court reiterated that all claims must be exhausted before filing in federal court:

13  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in

14  court."  Jones, 127 S.Ct. at 918-19 (citing Porter, 435 U.S. at 524).

15          Because plaintiff failed to exhaust his administrative remedies prior to bringing

16  the instant action on May 26, 2005, this action must be dismissed without prejudice.

17          In light of the above, plaintiff's July 10, 2007 motion to set a discovery deadline

18  will be denied.

19  /////

20  _____

21      [2]  In addition, because the Salinas Valley State Prison is located in the Northern District of California, such claims would be properly venued in the United States District Court for the Northern District of California.

22

23      [3]  Indeed, the declaration states that plaintiff's file does not have any record or copies of Inmate Appeal Form 602s submitted between December 17, 2004 and May 2006, regarding his ability to access the law library at CSP-Sacramento.  (Carter Decl. at 3.)  Plaintiff was

24  incarcerated at Salinas Valley on July 13, 2004, and that is the date plaintiff claimed he was deprived of law library access.  Moreover, documents provided by plaintiff demonstrate that the

25  January 3, 2005 grievance was returned to plaintiff as untimely.  (Amended Complaint, Appendix A, at 16.)  Because the grievance was returned, the file would not reflect the

26  submission of this grievance.  (Carter Decl. at 3-4.)

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's July 10, 2007 motion is

2    denied; and

3    IT IS HEREBY RECOMMENDED that defendants' July 9, 2007 motion to

4    dismiss be granted and this action be dismissed without prejudice.

5    These findings and recommendations are submitted to the United States District

6    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

7    days after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

10   failure to file objections within the specified time may waive the right to appeal the District

11   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12   DATED:  August 15, 2007.

13

14

15                                     UNITED STATES MAGISTRATE JUDGE

16

17   001; hend1061.mtd

18

19

20

21

22

23

24

25

26

8